FLORY, ADMR., APPELLEE, *v.* NEW YORK CENTRAL
RD. CO., APPELLANT.*

(No. 202—Decided November 7, 1958.)

*Mr. Karl H. Weaner, Jr.,* and *Mr. Reeder C. Hutchinson,*
for appellee.
*Mr. Mirl A. Goller* and *Mr. John W. Winn,* for appellant.

MIDDLETON, P. J.   The plaintiff, as administrator of the estate of John Chauncy Flory, deceased, in this action seeks damages against the defendant as a result of the injury to and the death of the decedent, allegedly caused by the negligence of the defendant.   Plaintiff's petition sets forth two causes of action. The first cause of action is based upon a claim for damages on behalf of the decedent for pain and suffering prior to his death, and a second cause of action for wrongful death on behalf of the decedent's next of kin, his father and mother.   The jury returned a verdict on the first cause of action for plaintiff in the sum of seven thousand five hundred dollars ($7,500), and on the second cause of action, a verdict in the sum of ten thousand dollars ($10,000).

In its assignments of error, the defendant, appellant herein, claims the evidence fails to establish that the driver of the automobile, Shelb, was in the course or scope of his employment at the time of the collision; that the evidence fails to establish that the collision was the proximate result of any negligence on the part of Shelb; that the verdict of the jury upon the first cause

---

*Judgment affirmed, 170 Ohio St., 185.

of action is not sustained by the evidence and is so grossly excessive as to demonstrate that the jury was motivated by passion and prejudice; that the verdict of the jury upon the second cause of action is not sustained by the evidence and is so grossly excessive as to demonstrate that the jury was motivated by passion and prejudice; and that the court committed error both of omission and commission in its charge to the jury, to which the court's attention was called by the defendant.

The court has read the record and examined and studied the briefs submitted by the parties.

The evidence clearly establishes that the driver of defendant's truck was acting within the course and scope of his employment at the time of the collision, that the driver of the defendant's truck was negligent, and that this negligence was the proximate cause of the collision and the resulting damage.

As a result of the collision, the decedent suffered multiple injuries, consisting of extensive lacerations of the face, head, leg, hand and foot, and extensive fractures of the nose, left arm and rib. After being removed from the wrecked automobile in which he had been riding, he was taken to a hospital and lived eleven hours and forty minutes before his death.

The evidence is conflicting as to whether the plaintiff's decedent was, during that time, conscious of pain and suffering resulting from the injuries he received in the collision. However, there is sufficient credible evidence to support the verdict of the jury, and this court cannot say that there was a failure of proof upon this subject which would require a reversal.

There is no hard and fast rule governing the assessment of damages to be awarded for pain and suffering. Each case must be determined on the facts appearing in evidence in the particular case, and a reviewing court may not substitute its opinion for that of the jury. There is no certain measuring stick that can be used in arriving at the true value to be placed upon pain and suffering. The assessment of damages for pain and suffering is a matter solely within the province of the jury, to be arrived at from a fair and reasonable weighing of the evidence. Unless it appears that the amount recovered is excessive or the record discloses that it was given as a result of passion and prejudice,

the court will not disturb the verdict. There is nothing in the record to support the charge that the award on the first cause of action was the result of passion and prejudice, or that the size of the judgment is excessive, requiring a reversal.

The decedent was eighteen and a half years of age, single, and living at home with his parents. He operated a jewelry and watch repair store in Stryker, and his father operated a similar business in Sherwood. The father and son jointly purchased the merchandise for the two stores, thereby securing a lower price beneficial to both. There was more watch repairing to be had in Stryker than the son could do, and as a result the extra repairing was turned over to the father in Sherwood. For this work the son paid his father. The income from the business at Stryker was retained by the son and the income from the store at Sherwood was retained by the father. There does not appear in the record any further evidence concerning the income of the son or his ownership of any other property other than the store at Stryker.

The jury returned a verdict on the second cause of action for wrongful death in the sum of ten thousand dollars ($10,000). Section 2125.02, Revised Code, provides:

"An action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children, and other next of kin of the decedent. The jury may give such damages as it thinks proportioned to the pecuniary injury resulting from such death to the persons, respectively, for whose benefit the action was brought. * * *"

There is no claim made by the defendant that the verdict was returned as a result of passion and prejudice except as it may be reflected in the size of the verdict. It is not claimed by defendant that any evidence was offered or argument advanced which tended to inflame or arouse the passion or prejudice of the jurors.

"Under the wrongful death statute, there is no limitation, and by virtue of a constitutional prohibition can be no limitation, as to the amount which may be recovered in an action under the statute, but the damages recoverable consist of the amount

which would fairly compensate the beneficiaries of the action for the pecuniary injury resulting to them from the death, and no other damages may be considered. * * *'' 16 Ohio Jurisprudence (2d), 482, Section 122.

It is at once apparent that there is no fixed rule set forth in the statute to guide a jury in arriving at the extent of the pecuniary injury resulting from a wrongful death, nor is there anything in the statute to guide the jury in fixing the amount of compensation to be recovered in such an action. In the case of *Immel, Admr.,* v. *Richards,* 154 Ohio St., 52, 93 N. E. (2d), 474, Judge Turner, speaking for the court, said:

"We adopt the following statement to be found in 25 Corpus Juris Secundum, 1252, Section 103:

" 'There can be no exact or uniform rule for the determination of the value of services or assistance which the deceased child would have rendered had death not intervened. Factors for consideration are the age, sex, and physical and mental condition of the child, and the position in life, occupation and physical condition of the parents. The value of the services is to be estimated on the basis of what children in the same condition and station of life and of like capabilities are ordinarily worth, without regard to any peculiar value which the parents might attach to the child's services. In case the minor is a girl, the jury cannot consider the chance of her marrying before she arrives at full age, where there is no clear evidence before them by which they could arrive at a reasonably definite conclusion on the subject.' " Judge Turner also quotes in his opinion from 149 A. L. R., 235, where it is said:

" 'The great weight of authority is to the effect that substantial damage may be recovered by the parents of a minor child, or others who may have a right to bring an action to recover damages for his wrongful death, notwithstanding the fact that such child had never been gainfully employed, such damages to be measured by the experience and judgment of the jury, enlightened by a knowledge of the age, sex and physical and mental characteristics of the child, supplemented, when available, with evidence as to the position in life and earning capacity of the parents, as well as evidence as to the rendition, if any, of household services by the minor.' "

In the above cited case, the decedent was an infant, nine months old, and the verdict and judgment recovered for the plaintiff was five thousand dollars ($5,000).

The Supreme Court, in the case of *Grotenkemper* v. *Harris, Admr.,* 25 Ohio St., 510, states certain rules to govern the jury in assessing damages. The case arose in Cincinnati. The deceased was an infant between four and five years of age, and was killed as a result of a runaway car on an incline plane. The jury returned a verdict for the plaintiff-administrator. The court, in its charge, told the jury, in substance, that the pecuniary injuries resulting to the next of kin from the death of the infant were in their nature uncertain and indefinite; that if the deceased had lived, they might not have been benefited, and if not, then no pecuniary injury would have resulted to them from his death; that it was difficult to get at the pecuniary loss with precision and accuracy; but that, taking all the facts and circumstances of the case into consideration, they were, according to their deliberate judgment, to determine whether the parties for whose benefit the action was brought had suffered any pecuniary injury; and, if so, then they were to assess such damages as they should deem fair and just, under the instruction given and excepted to.

In passing upon the correctness of this charge, it is stated in the opinion of Gilmore, J., speaking for the court:

"Taking the entire charge together we can find no error in it. To have required the parties for whose benefit the action was brought below, to make proof of actual and direct injury, to entitle them to recover more than nominal damages, would have been to deny them rights intended to be conferred upon them by the statute. The deceased at the time of his death was a mere infant, and it could not properly be said that his life was of any *present* pecuniary value to any one; and the only basis upon which damages for pecuniary injury to his next of kin, by reason of his death, could be predicated and allowed, was the one given by the court."

In the case of *Chester Park Co.* v. *Schulte, Admr.,* 120 Ohio St., 273, 166 N. E., 186, which also arose in Cincinnati and involved the death of a boy sixteen years of age who met his death

while swimming in Chester Park, the jury returned a verdict for twenty thousand dollars ($20,000). The Supreme Court lays down definite rules to guide courts in cases where the claim is made that the verdict is excessive and the result of passion and prejudice. The trial court, with the consent of the plaintiff, ordered a remittitur of five thousand dollars ($5,000), and entered judgment for fifteen thousand dollars ($15,000). The Court of Appeals granted a further remittitur of five thousand dollars ($5,000), with the consent of the plaintiff, and entered a judgment for ten thousand dollars ($10,000). The Supreme Court, by a divided court, affirmed the judgment. In the majority opinion of the court, it is stated:

"The subject of reduction of verdicts and judgments in actions for unliquidated damages is coming before courts of review with ever-increasing frequency. It is therefore time, and high time, that this court should lay down some principles and declare some policies for its own future guidance, and for the guidance of trial courts and intermediate courts, in order that the bar and bench may have definite rules for their guidance, and in order that the increasing volume of error proceedings growing out of these questions may· be forestalled. We have therefore formulated the following rules:

"(1) In an action for unliquidated damages, neither the trial court nor any reviewing court has the power to reduce the verdict of a jury or to render judgment for a lesser amount without the consent to such reduction of the party in whose favor the verdict was rendered.

"(2) If a trial court in an action for unliquidated damages finds that the verdict is excessive, and that it was rendered under the influence of passion and prejudice, it has no alternative except to set it aside and grant a new trial.

"(3) If a verdict in an action for unliquidated damages is in the opinion of the trial court excessive, but not appearing to be influenced by passion or prejudice, the court may with the assent of plaintiff reduce the verdict by *remittitur* to any amount supported by the evidence.

"(4) Neither the trial court nor any reviewing court has power or authority to reduce a verdict on any.grounds without

the assent of the prevailing party, unless the undisputed testimony shows an error in mathematical calculation.

"(5) The Court of Appeals has the same unlimited power and control of verdicts and judgments as the trial court, and may weigh the evidence and exercise an independent judgment upon questions of excessive damages, and, when no passion or prejudice is apparent, may modify and affirm the judgment by ordering a *remittitur* with the consent of the prevailing party.

"(6) If the Court of Appeals in an error proceeding in an action for unliquidated damages finds that the verdict was rendered under the influence of passion or prejudice, it has no alternative except to reverse and remand for a new trial."

In the case at bar, what is the value of the pecuniary injuries suffered in the death of this eighteen year old boy? As it has been stated, the pecuniary injury resulting is uncertain and indefinite. There is no cold mathematical table that can be referred to in assessing the damages. It can be arrived at only by the exercise of reasonable and sound judgment applied to the facts in the particular case. The damages to be assessed is a jury question, and to be arrived at as it thinks proportioned to the pecuniary injury resulting from such death. How then can this court, on the record in this case, say the judgment is excessive? To do so would be to indulge in conjecture and to substitute the court's judgment for that of the jury. We are of the opinion that the verdict is fair and reasonable; that the record does not support the claim that it is excessive.

At the conclusion of the court's charge, the defendant noted a general exception and pointed out the particulars wherein the defendant claimed the court erred, citing claimed errors of both omission and commission. The matters complained of, if erroneous, were errors of omission only. The defendant did not request the court to charge further upon any matter complained of and included in the charge as given, nor request any additional charge upon any matter claimed to have been omitted therefrom. Counsel for defendant was inquired of if he had any specific paragraphs or quotations or statements that he wanted the judge to supplement, and his reply was no.

It is the opinion of the court that the judgment is fair; that

substantial justice has been done between the parties, and the court finds no prejudicial error in any of the particulars set forth in the assignment of errors or argued in the briefs.

*Judgment affirmed.*

GUERNSEY, J., concurs.

YOUNGER, J., dissenting in part. I dissent as to affirming the judgment on the first cause of action. In my opinion, it is so grossly excessive as to demonstrate that the jury was motivated by passion and prejudice.