WILLIAMS, APPELLEE, *v.*
GRAGSTON ET AL., APPELLANTS;
MCDERMOTT, APPELLEE.

(No. C-810959—Decided
November 3, 1982.)

*Mr. Jerald D. Harris,* for plaintiff-appellee.

*Mr. James R. Hartke,* for appellants.

*Mr. William H. Hutcherson, Jr.,* for defendant-appellee.

PALMER, J. This action was commenced by the filing of a complaint by the plaintiff, James Williams, against defendants-appellants, Cincinnati Yellow Cab Company and Donald F. Gragston, and against defendant-appellee, Marianne McDermott, seeking damages for injuries received in two automobile accidents, the first occurring on June 23, 1979, when a taxicab operated by Gragston collided with a vehicle operated by the plaintiff. The complaint alleged injuries to plaintiff's "teeth, head, neck, back and other parts of his body causing him pain and suffering and permanent disability." The complaint's third cause of action alleged a second automobile collision on August 11, 1979, between automobiles operated by plaintiff and by appellee McDermott, in which plaintiff was alleged to have received injuries to "his head, neck, back, legs, and other parts of his body causing him pain, suffering, and permanent disability." Damages were demanded against the defendants "jointly and/or severally." Defendants-appellants answered and cross-claimed against appellee McDermott, asserting, *inter alia,* that if liable at all, they were liable only for injuries suffered in the accident prior to the August 11, 1979, collision, and, alternately, that any verdict against appellants "will have been brought about and caused by the actions of * * * McDermott, and not by reason of any negligence on the part of [defendants-appellants]," and demanding judgment against McDermott for any sums recovered by plaintiff against appellants. Appellee McDermott, after answering, moved to dismiss the cross-claim of appellants. This motion was opposed and briefed; it was ultimately granted by the trial court. Appeal was timely filed pursuant to certification under Civ. R. 54(B), with one assignment of error presented for review: that the trial court erred as a matter of law in dismissing the cross-claim for contribution of defendants-appellants against defendant-appellee.

The question posed in this appeal, while quite limited, is not without its small perplexities. Both sides cite the contribution statutes, R.C. 2307.31 and 2307.32,[1] each finding comfort therein, and each rely on *Ryan* v. *Mackolin* (1968), 14 Ohio St. 2d 213 [43 O.O.2d 326], a case with substantial factual similarities to the instant case. Since the *Ryan* case is the only decision cited to us in point, an analysis of its rule is obviously indicated.

In *Ryan,* the plaintiff's car had been struck by an automobile operated by one Boley, plaintiff suffering back injuries requiring initial treatment and hospitalization. Five months later, plaintiff's car was again struck by one Mackolin, resulting in further problems to his back requiring surgical procedures. Ryan then filed suit, joining as defendants both Boley and Mackolin, and prayed for judgment "against the defendants, either jointly or severally." *Id.* at 214. A demurrer was sustained based on misjoinder of the defendants and of the causes of action, and improper joinder of causes of action. The court of appeals reversed and the Supreme Court sustained the reversal.

It is apparent from the decision and the syllabus in *Ryan* that two questions concerned the Supreme Court: first,

---

[1] R.C. 2307.31, for example, provides in relevant part:

"(A) * * * where two or more persons are jointly or severally liable in tort *for the same injury* to person or property * * *, there is a right of contribution among them even though judgment has not been recovered against all or any of them. * * *" (Emphasis added.)

Appellants argue that the similarity of body parts alleged to have been injured in the separate accidents comports with the statutory requirement that it be the "same injury," while appellee argues that whether or not the same leg was reinjured (for instance), it can logically never be the "same injury" when two separate incidents or occurrences are involved.

whether a *joinder* of the two tortfeasors as parties in one action was permissible where the successive torts were separated and unrelated in time, place or source; and, second, whether the liability of the tortfeasors was, as prayed for in the complaint, a *joint* as well as a several liability. The second question is of obvious pertinence to the instant inquiry.

Addressing the first question, the court examined the then controlling statute, R.C. 2307.191, the predecessor of Civ. R. 20(A), finding that the successive rear-end collisions constituted a "series of occurrences" within the meaning of the statute, and that the causal contribution of each defendant to the plaintiff's injuries was a question of fact common to all parties more effectively determinable in a single action before one trier of fact — at least until such point as it might become manifest that some injustice would result, in which event separate trials might be ordered. The rule was embodied in paragraph one of the syllabus, as follows:

"Successive torts, separated and unrelated in time, place or source, constitute a 'series of occurrences' within the meaning of Section 2307.191, Revised Code, and a joinder of the tort-feasors as parties in one action by the party injured by the torts is permissible under that statute if a question of law or fact common to all the defendants is apparent from the pleadings."

There is no reason to believe (and the question is not raised here) that the substitution of the substantially similar Civ. R. 20(A) for R.C. 2307.191 has resulted in any alteration of this rule.

The second question, concerning the joint or several liability of the tortfeasors, was next addressed by the *Ryan* court.

Although not debated in terms of the contribution statutes, R.C. 2307.31 and 2307.32, not then in effect, the pertinency of the discussion will become apparent. Justice Schneider, speaking for a majority of the court,[2] first cited the general rule found in 22 American Jurisprudence 2d (1965) 30, Damages, Section 14, that "* * * tort-feasors generally will not be held jointly or severably liable where their independent, concurring acts have caused distinct and separate injuries to the plaintiff, *or where some reasonable means of apportioning the damages is evident*" (emphasis *sic*), and found Ohio in accord with the statement of the rule. *Id.* at 219. *First National Bank of Barnesville* v. *Western Union Telegraph Co.* (1876), 30 Ohio St. 555. Distinguishing the Michigan case of *Maddux* v. *Donaldson* (1961), 326 Mich. 425, 108 N.W.2d 33, urged by the appellant in *Ryan,* which involved a chain-reaction type of accident with the first collision coming some thirty seconds before the second, Justice Schneider cited the syllabus rules of *Garbe* v. *Halloran* (1948), 150 Ohio St. 476 [38 O.O. 325], on concurrent negligence, restating them as follows:

"The concurrence required in Ohio, so as to permit not only the joinder of, but a joint judgment against, both tort-feasors, *is not in the production of an injury,* but in the negligent placement of plaintiff by the first tort-feasor in a zone of danger so that the negligence of the second tort-feasor injures plaintiff while involuntarily in that zone of danger." (Emphasis added.) *Id.* at 220.

Applying this rule to the *Ryan* facts, the court concluded against joint liability of the tortfeasors in the following words:

"Although we are obliged to indulge in every inference favorable to the

---

[2] The dissenting judges in *Ryan* disagreed with the majority resolution of the joinder issue, embodied in paragraph one of the syllabus, *supra,* and not with the determination that the tortfeasors were independent rather than concurrent. On this latter point, the court would appear to have been unanimous. *Ryan, supra,* at 225 (Taft, C.J., dissenting).

pleader, we cannot ignore the allegation in the petition herein that following the first collision Ryan was hospitalized and received medical treatment for an injury to his back. The nature and extent of the disabling effect of that collision having been subject to medical scrutiny, we cannot assume that however indivisible in *effect* plaintiff's back injury became after the second collision, it will be incapable of separation as to *cause.* The sequence of events here is not such that, however difficult, it should be insurmountable to chart the course of cause to effect as a subsequent event adds its force to the flow. See *Milks* v. *McIver,* 264 N.Y. 267, 190 N.E. 487." *Id.* at 222.

We are unable to distinguish in any material respect the allegations of the instant complaint from these summarized above in *Ryan.* Here, as there, the plaintiff was hospitalized and received medical treatment after the initial injury. Here, as there, one may not assume that however indivisible *in effect* the first injuries became after the second accident, the matter will be incapable of separation as to cause. This matter is not a *Maddux, supra,* chain-reaction accident rendering the determination of causation problematical. We would conclude, therefore, on authority of *Ryan,* that the instant tortfeasors were not *concurrent* tortfeasors jointly liable for the plaintiff's injuries, but that they were severally liable for the consequences of their several torts.

The task of the trier of facts under these circumstances, where the joinder of non-concurrent tortfeasors is permissible but joint liability is not available, is set out in paragraph three of the syllabus of the *Ryan* case, as follows:

"Section 2307.191, Revised Code,

permits the joinder in one action of parties against whom relief is sought jointly, severally or in the alternative; but such joinder warrants several judgments only against independent tort-feasors, whose torts are not concurrent, and against each only to the extent and in the proportion that his default proximately contributed to the plaintiff's injury, the burden of proof of which remains upon the latter."

Applied here, appellants would be liable to the extent that their default contributed to plaintiff's injuries, and appellee to the extent that her default contributed to the injuries. The duty of establishing and separating the two is the burden of plaintiff which, while arguably difficult, is clearly not impossible under the circumstances of the case.

The sole remaining question is whether the enactment, subsequent to *Ryan,* of the contribution statutes requires a change in the rule set forth above. We think not. We find no express or implied requirement in the language of R.C. 2307.31 and 2307.32 which would alter the established Ohio law on what constitutes concurrent negligence permitting joint liability of tortfeasors. Indeed, the statute attempts no separate definition of "joint tortfeasors," but assumes existing law with respect thereto. Certainly, we are unable to place so weighty an interpretation on the statutory phrase "the same injury" as to reach the result desired by appellants. It is far more consistent with long-settled law and with the internal logic of the language of the statute to conclude that this embattled phrase imports no more than the distinction drawn by Justice Schneider between the *Maddux* type of occurrence and the instant occurrences.[3]

---

[3] It might be argued that the intent of the legislature would better have been served by the use of a phrase such as "where two or more persons are jointly or severally liable *for the same tort* to persons or property" rather than

the ambiguous "in tort for the same injury," since "injury" invokes a nonspecific concept mixing the tort itself with its medical or monetary consequences. Indeed, this is precisely the instant argument of appellants,

Appellant's assignment of error is accordingly overruled, and the judgment is affirmed.

*Judgment affirmed.*

SHANNON, P.J., concurs.

BLACK, J., dissents.

BLACK, J., dissenting. I respectfully dissent. In my opinion, it was error to dismiss with prejudice the first tortfeasor's (Gragston's) cross-claim against the second tortfeasor (McDermott), because I believe that under certain circumstances, however remote in possibility, Gragston could demonstrate that he is entitled to relief under R.C. 2307.31 and 2307.32. Under such circumstances, it is error to dismiss the claim with prejudice. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223].

The dismissal is based, not on evidence of what injury or injuries were caused by each tortfeasor and what was the relationship between those injuries, but on the broad and unsubstantiated allegations of the pleadings. The dismissal has the effect of precluding any recovery between the tortfeasors (whether the first against the second or *vice versa*) under any and all circumstances, simply because they were not concurrent tortfeasors. The wrongful acts in the instant case were wholly independent of one another, separated in time and space, but the injured party (Williams) claims that as the result of these separate acts, he received permanent injuries to his head, neck, back and other parts of his body. Any one part might have been twice injured. It is conceivable, by way of example, that the injuries to a leg are permanent and will result in seventy percent disability, *i.e.,*

twenty percent was caused by the first tort and fifty percent by the second tort. When the tortfeasors are joined in the same trial, the trier of the facts will in the usual trial be required to allocate the "proportionate share of the common liability," to quote from R.C. 2307.31(A), and if this is done properly, all claims of relief between the two tortfeasors will have been satisfied. There will be no right to contribution. But under the peculiar circumstances of a complex trial, the tactics of the parties or trial management by the court might defer that separation of liability to a later time. The right of contribution should be preserved. Indeed, R.C. 2307.32(A) allows any defendant against whom a joint judgment has been entered for the "same injury" to move for contribution in that same action. The dismissal of the cross-claim in the instant case terminates all right of contribution if the torts are not "concurrent."

I would give effect to the language used by the legislature. The right of contribution was given to tortfeasors severally liable as well as those jointly liable. No requirement that the torts be "concurrent" is found in the statute. The "proportionate share of the common liability" is to be determined by considering relative degrees of fault, and no party can be compelled to contribute beyond his proportionate share of the common liability.

The phrase "same injury," in my opinion, is not limited to mean only a single trauma jointly and concurrently caused. It has a broader meaning, this being a statute that creates new rights of contribution previously denied under the common law. The phrase refers to the ultimate harm suffered by the injured party when caused by two or more torts, whether the torts were concurrent, joint, separate or independent. The purposes

---

who insist that a leg broken in 1980 is the "same injury" as the same leg rebroken in 1981 even though the tort causing the first is undisputably separate and distinct from the

tort causing the second. The confusion of concepts is legally and logically indefensible, as the *Ryan* decision makes clear.

are to insure full recovery to the injured party and to divide the liability among the tortfeasors who caused that harm in accordance with their proportionate share of the common liability.