JONES ET AL., APPELLANTS, *v.* MEINKING ET AL., APPELLEES.

JONES ET AL., APPELLANTS, *v.* FORSTHOEFEL ET AL., APPELLEES.

*Patrick F. Carroll,* for appellants.
*Lindhorst & Dreidame* and *J. Roger Blust,* for appellees Fred Meinking et al.
*McCaslin, Imbus & McCaslin* and *Ann M. Morgan,* for appellees Ambrose Forsthoefel et al.

*Per Curiam.* On May 3, 1982, while driving a Pepsi-Cola truck, appellee Fred Meinking struck the rear of a car driven by Turner Jones. Jones sustained injuries to his neck and back for which Dr. Bleser, a chiropractor, treated him until early January 1983.

On January 18, 1983, appellee Father Forsthoefel's car collided with Turner Jones's vehicle as he was driving to work. Jones suffered from a "big knot" in his forehead and pain in his neck and back. Dr. Bleser again treated him until August 1983.

Turner Jones and his wife, Queenie Jones ("appellants"), filed suit against Meinking, Pepsi-Cola General Bottlers, Inc. ("Pepsi General"), and Pepsi-Cola Bottling Company of Cincinnati ("Pepsi Cincinnati"), alleging negligence and loss of consortium. They filed a separate suit against Forsthoefel and St. Xavier High School. Both suits were consolidated prior to a jury trial. The jury returned a verdict in favor of Turner and Queenie for $44,000 and $1,000, re-

spectively, in the Meinking action. In the Forsthoefel portion of the case, the jury found only for Turner, in the amount of $1,100.

Counsel for appellees Meinking, Pepsi General, and Pepsi Cincinnati filed a motion for a new trial or, in the alternative, remittitur. The court initially offered remittitur, but, over appellants' objection, the court ordered a new trial, finding that the verdict was excessive, in violation of the jury instructions, and motivated by sympathy or prejudice.

Appellants filed separate appeals from the two judgments, and this court consolidated both appeals. They allege four assignments of error, none of which is well-taken.

The two assignments of error with respect to the Meinking action raise the same issue, that being whether the trial court abused its discretion in ordering a new trial after originally ordering remittitur. Generally, in an action for unliquidated damages, a trial court cannot reduce the jury's verdict without the consent of the party in whose favor the verdict was rendered. *Bishop* v. *East Ohio Gas Co.* (1944), 143 Ohio St. 541, 544, 28 O.O. 470, 471, 56 N.E. 2d 164, 165. See, also, *Flory* v. *New York Central RR. Co.* (1958), 109 Ohio App. 501, 12 O.O. 2d 95, 163 N.E. 2d 796, affirmed (1959), 170 Ohio St. 185, 10 O.O. 2d 126, 163 N.E. 2d 902. However, if a court finds that a verdict was apparently rendered under the influence of passion or prejudice, the court cannot order remittitur but must order a new trial. *Jones* v. *Macedonia-Northfield Banking Co.* (1937), 132 Ohio St. 341, 8 O.O. 108, 7 N.E. 2d 544, paragraph four of the syllabus; *Lance* v. *Leohr* (1983), 9 Ohio App. 3d 297, 9 OBR 544, 459 N.E. 2d 1315.

A trial court is vested with broad discretion in determining whether to order a new trial. *Osler* v. *Lorain* (1986), 28 Ohio St. 3d 345, 351, 28 OBR 410, 415, 504 N.E. 2d 19, 24. A reviewing court cannot reverse a trial court's order of a new trial absent an abuse of discretion, which " '* * * connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court.' " *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82, 87, 52 O.O. 2d 376, 378-379, 262 N.E. 2d 685, 689. See, also, *Young* v. *Louisville & Nashville RR. Co.* (Aug. 6, 1986), Hamilton App. No. C-850681, unreported, at 5. The reviewing court examines the evidence favorably to the decision of the trial court, rather than to the jury's verdict. *Osler, supra,* at 351, 28 OBR at 415, 504 N.E. 2d at 24.

The record shows that prior to the second accident, appellant had incurred approximately $2,300 in medical bills from Dr. Bleser. Appellant did not lose any wages. The jury awarded $44,000, and the obvious conclusion is that the difference between the award and the medical expenses must have been for pain and suffering. Testimony about pain and suffering was equivocal. In his deposition, appellant revealed that he had not suffered greatly from pain. At trial, he claimed to suffer from many injuries, but he was not specific about the pain which each accident caused. Some testimony indicated that appellant had permanent injury, but appellant failed to show whether the accident with Meinking caused any permanent injury. From our review of the record, we conclude that the trial judge exercised sound discretion in ordering a new trial because the jury's verdict was so excessive that it appears to have been the result of passion or prejudice. Cf. *Spicer* v. *Armco Steel Corp.* (App. 1974), 68 O.O. 2d 314, 322 N.E. 2d 279; Civ. R. 59(A)(4).

The trial court offered remittitur, which was improper given that the court found that the jury acted on pas-

sion or prejudice, but the error did not prejudice appellants. Therefore, we overrule the first two assignments of error.

Appellants' two assignments of error regarding the Forsthoefel part of the litigation relate to the issue of whether the trial court correctly denominated Forsthoefel and Meinking as independent tortfeasors. The legal status which the court accorded to them affected the court's subsequent treatment of damages.

In Ohio, to obtain a joint judgment against multiple tortfeasors, one must show that the first tortfeasor placed the plaintiff in a zone of danger so that the negligence of the second tortfeasor injured the plaintiff while involuntarily in that zone of danger. *Ryan* v. *Mackolin* (1968), 14 Ohio St. 2d 213, 220, 43 O.O. 2d 326, 329-330, 237 N.E. 2d 377, 382. Additionally, one may not assume, however indivisible in effect the first injuries became after the second accident, that causation is also inseparable. *Williams* v. *Gragston* (1982), 7 Ohio App. 3d 369, 371-372, 7 OBR 469, 472, 455 N.E. 2d 1075, 1078. If the tortfeasors are independent, the plaintiff may obtain several judgments, but the judgment against either one can extend only to the injuries proximately caused by that tortfeasor. The burden of proof remains with the plaintiff. *Williams, supra,* at 372, 7 OBR at 472-473, 455 N.E. 2d at 1078.

The facts of the instant case are similar to the facts in *Ryan* and *Williams.* Appellant was injured in separate accidents, which occurred eight months apart, and obtained medical treatment after the first accident. Just before the second accident, appellant felt well enough that he thought

he no longer needed the services of a doctor. Nonetheless, he argues that the accidents caused one indivisible injury to his neck and back, and that all appellees should be held jointly and severally liable. However, the law clearly requires that we focus on the *cause,* not on the *injury.* See *Ryan, supra,* at 222, 43 O.O. 2d at 330-331, 237 N.E. 2d at 383; see, also, *Williams, supra,* at 372, 7 OBR at 472, 455 N.E. 2d at 1078. On this basis, the trial court correctly determined that Meinking and Forsthoefel were independent tortfeasors. As in *Ryan* and *Williams,* appellants had a difficult burden of proving and allocating the elements of causation and injury.

Appellants did not introduce any evidence which would have aided the jury in deciding how to apportion liability. Appellants' expert witnesses did not testify that certain of Turner Jones' injuries could be attributed to the first accident while others were attributable to the second. The experts did not give estimates of the percentage of negligence for which each tortfeasor was responsible. Appellants did not show that Meinking's negligence placed Turner Jones in a zone of danger so that Forsthoefel's negligence injured Jones while he was in that zone of danger.

The court granted Forsthoefel's so-called "motion for a directed verdict," made at the close of plaintiffs' case-in-chief, and thus excluded evidence of certain damages which Turner Jones incurred after January 18, 1983, the date of the second accident.[1] Meinking, Pepsi General, and Pepsi Cincinnati also joined in the motion. In granting the motion, the court reasoned that because appellants did not

---

[1] The excluded evidence involved damages that could not be causally linked to the second accident alone. With respect to the second accident, however, the court did allow the jury to consider Jones' property damage, the injury to his forehead, and pain and suffering.

produce evidence that would distinguish the separate causes of Jones' injuries to his neck and back, appellants were precluded from introducing evidence of medical expenses incurred after the second accident. Otherwise, the jury would have been left to speculate on the issue of damages.[2] Appellants' last two assignments of error are without merit.

Accordingly, we affirm the judgment of the court below.

*Judgment affirmed.*

SHANNON, P.J., BLACK and HILDEBRANDT, JJ., concur.

---

[2] Appellants attempt to attack the court's exclusion of evidence concerning damages subsequent to the second accident. However, the language of the assignment of error is directed only at the jury instructions and does not deal with the basis on which the evidentiary ruling was made.