JOURNAL ENTRY and OPINION
{¶ 1} Defendants-appellants, Lawrence W. and Karen J. Miller ("appellants"), appeal the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm in part, reverse in part, and remand.
 I. {¶ 2} This case involves the sale of a house with flooding problems in the basement. According to the case, plaintiffs-appellees filed a complaint for rescission, money damages and injunctive relief on September 4, 2003. The complaint involved the sale of the residential property at 8184 Thackeray Court in the city of Broadview Heights, Ohio. Appellants sold their house to plaintiffs-appellees, Tony and Nina Zappitelli ("appellees"). Concurrent with the filing of the complaint, appellees filed a motion for preliminary injunction and a request for hearing.
 {¶ 3} On September 10, 2003, the trial court, without hearing, denied appellees' motion for preliminary injunction, concluding that appellees had an adequate remedy at law. On September 24, 2003, appellees filed a motion for reconsideration on their previously denied motion for preliminary injunction, which the trial court denied on October 14, 2003. On May 3, 2004, appellants filed a motion for summary judgment, which was denied by the lower court on June 17, 2004. On June 4, 2004, plaintiffs-appellees settled and dismissed all claims against all defendants except Lawrence and Karen Miller.
 {¶ 4} The jury trial commenced on June 21, 2004. At the close of all evidence, appellants moved for a directed verdict, which was eventually denied by the lower court. On June 30, 2004, the jury returned a verdict in favor of appellees in the amount of $94,500 on the fraud claim, $30,000 on the breach of contract claim, and $10,000 on the negligence claim. Appellees notified the trial court of their intention to proceed with their rescission and restitution claim, which the trial court set for hearing on August 13, 2004.
 {¶ 5} A hearing was held in August 2004 and evidence was presented. Appellees claimed that the jury award was an inadequate remedy at law. Appellees further argued that rescission and restitution was the appropriate remedy because of the ongoing flooding and drainage issues, active mold presence, and the inability of appellees to sell the home. As a result of appellants' objections to appellees' attempt to introduce evidence, the hearing was postponed until September 24, 2004.
 {¶ 6} On September 9, 2004, appellants filed a brief in opposition to plaintiffs' request for evidentiary hearing on rescission. On October 13, prior to another rescheduled October 18 hearing, the trial court denied plaintiffs' motion for an evidentiary hearing.
 {¶ 7} On January 4, 2005, the trial court issued a journal entry denying plaintiffs' motion for rescission and rendering judgment in favor of plaintiffs-appellees in the amount of $134,500. Appellants filed a notice of appeal with this court on February 1, 2005.
 {¶ 8} According to the facts, appellees entered into a written agreement with appellants on June 5, 2003, whereby appellees agreed to purchase and appellants agreed to sell the property located at 8184 Thackeray Court for $524,500.
 {¶ 9} On July 8, eight days after appellees took possession of the property and prior to moving in, appellees discovered that the basement of the property was flooded, and the land surrounding the residence on the property was engulfed in water several feet deep. Appellees also discovered, in conversations with neighbors, that this flooding and drainage problem had occurred many times over the past several years.
 {¶ 10} Appellees immediately notified appellants of their intention to rescind the agreement. On July 21 and again on July 31, appellees' attorney wrote to appellants demanding an immediate rescission of the agreement, a return of all monies paid, and costs associated with the purchase of the property. On August 7, 2004, appellees' attorney again wrote appellants' attorney following a meeting with appellants' attorney on August 6, 2004 at the property, and again repeated appellees' previous oral and written demands for rescission and restitution to put appellees back in their precontract positions.
 {¶ 11} During discovery, appellees became aware of the presence of active mold in the basement of the property. In addition, appellees became aware that a third party had agreed to purchase the property and rescinded the contract to purchase the property, because of the presence of mold, less than one month prior to appellees' purchase of the property. Appellants acknowledged receiving the mold report confirming the existence of active mold spores in their basement within days prior to completing the residential property disclosure form.
 {¶ 12} Appellees' complaint, filed on September 4, 2003, alleged that appellants made fraudulent misrepresentations for the purpose of concealing certain material defects in the property. Specifically, appellees alleged that appellants knew at the time of the sale that the property was subject to severe and unremediable flooding and drainage problems. Within days prior to completion of the residential property disclosure form, appellants received a mold report documenting the existence of active mold in the basement of the property. Appellees demanded rescission of the contract and restitution.
 {¶ 13} Prior to the trial, the lower court ruled that the claims of appellees for fraud, negligence and breach of contract would be submitted to the jury, while appellees' claim for rescission and restitution was to be decided by the court after the jury returned its verdict. However, this was only after the jury answered affirmatively to an interrogatory to be drafted by the court as to whether the appellants fraudulently completed the residential property disclosure form. Thereafter, appellees would have to demonstrate to the court that there was not an adequate remedy at law.
 {¶ 14} Appellees introduced evidence at trial demonstrating that the flooding cannot be remedied by appellees, but rather requires corrective action by the municipality, costing more than one million dollars. As a result of a specific inquiry by the jury, the trial court informed the jury during deliberations that they could not award the appellees attorney fees as part of compensatory damages. The jury eventually returned a verdict in favor of appellees, finding that the evidence proved appellants fraudulently concealed material defects affecting the property with the intent to mislead.
 {¶ 15} After the jury verdict, the trial court requested appellees make an election of remedies between accepting the monetary damages awarded by the jury or pursing appellees' claim for rescission and restitution. The court ordered all parties to submit briefs on appellees' claim for rescission and restitution and ruled that judgment shall not issue until after a hearing scheduled for August 13, 2004.
 {¶ 16} The hearing was held, appellees sought to introduce evidence, and appellants opposed the introduction of such evidence. On October 18, 2004, the lower court held a hearing allowing oral arguments. Appellees proffered the testimony of Nina Zappitelli and Marco Vovk in support of their claim for rescission and restitution; however, the lower court refused the testimony. On January 4, 2005, the trial court entered judgment in favor of appellees. Appellants now appeal the ruling of the trial court.
 II. {¶ 17} Appellant's first assignment of error states the following: "The trial court committed reversible error when it failed to grant appellants' motion for summary judgment."
 {¶ 18} Appellant's second assignment of error states the following: "The trial court committed reversible error when it failed to grant appellants' motion for directed verdict."
 {¶ 19} Appellant's third assignment of error states the following: "The trial court committed reversible error in entering judgment against appellants and awarding inappropriate, duplicative, and clearly excessive damages."
 {¶ 20} Appellant's fourth assignment of error states the following: "The trial court committed reversible error in entering judgment against appellants, as the jury's award of damages was influenced by passion or prejudice."
 {¶ 21} Appellant's fifth assignment of error states the following: "The trial court committed reversible error in entering judgment against appellants, as the judgment was against the manifest weight of evidence."
 III. {¶ 22} Appellees/cross-appellants, Nina M. Zappitelli, Tony J. Zappitelli, and Maria Capretta, put forth five assignments of error in their cross appeal. Appellees/cross-appellants' first assignment of error states the following: "The trial court erred in denying plaintiffs/cross appellants' claim/motion for restitution and rescission."
 {¶ 23} Appellees/cross-appellants' second assignment of error states the following: "The trial court erred in failing to conduct an evidentiary hearing on plaintiffs/cross-appellants' claim/motion for rescission and restitution."
 {¶ 24} Appellees/cross-appellants' third assignment of error states the following: "The trial court erred in refusing to allow the jury's request to include attorney fees as part of their award of compensatory damages and instructions to the jury that attorney fees cannot be part of a compensatory damages award."
 {¶ 25} Appellees/cross-appellants' fourth assignment of error states the following: "The trial court erred in denying plaintiffs/cross-appellants' motion for preliminary injunction."
 {¶ 26} Appellees/cross-appellants' fifth assignment of error states the following: "The trial court erred in denying plaintiffs/cross-appellants motion for an evidentiary hearing on plaintiffs/cross-appellants' motion for preliminary injunction."
 IV. {¶ 27} Appellants argue in their first assignment of error that the trial court erred when it failed to grant their motion for summary judgment. Appellants also argue in their fifth assignment of error that the judgment was against the manifest weight of the evidence. Because of the substantial interrelation of appellants' first and fifth assignments of error, we shall address them together below.
This court reviews the lower court's granting of summary judgment de novo in accordance with the standards set forth in Civ.R. 56(C). North Coast Cable v. Hanneman (1994),98 Ohio App.3d 434, 440. In order for summary judgment to be properly rendered, it must be determined that:
"(1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party."
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. See, also, State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211.
 {¶ 28} The standard of review for a manifest weight challenge is summarized in State v. Martin (1983), 20 Ohio App.3d 172,175, as follows:
"* * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." (Citations omitted.)
 {¶ 29} Moreover, it is important to note that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230. Hence, we must accord due deference to those determinations made by the trier of fact.
 {¶ 30} Appellants argue that the trial court erred when it denied their motion for summary judgment; however, we disagree. There were genuine issues of material fact regarding the parties and their knowledge of drainage problems affecting the property in question. There were genuine issues of material fact regarding the existence of mold and the extent of disclosure on the documents. In addition, there were disputes regarding whether or not the requirements of R.C. 5302.30 were met. There were discrepancies regarding the knowledge of the parties regarding past property damage and flooding and other key issues.
 {¶ 31} In addition to the many significant genuine issues of material fact in this case, there was substantial evidence presented in the record demonstrating that the trial court's decision was proper. For example, neighbors provided testimony that flooding conditions were common knowledge in the neighborhood. Numerous pictures of the property and its surroundings with significant and dramatic flooding were admitted as evidence. Evidence was presented demonstrating that appellants tried to sell the property immediately before this transaction. However, the previous sale was rescinded because of mold. Appellants failed to disclose previous inadequate drainage, basement water leakage and the presence of active mold.
 {¶ 32} The evidence demonstrates that the trial court acted properly when it did not grant appellants' motion for summary judgment. We find that the lower court did not err nor was the judgment against the manifest weight of the evidence. Moreover, after reviewing the entire record, weighing the evidence and all reasonable inferences, considering the credibility of witnesses and resolving conflicts in the evidence, we find that the jury did not lose its way.
 {¶ 33} Accordingly, appellants' first and fifth assignments of error are overruled.
 V. {¶ 34} Appellants argue in their second assignment of error that the trial court erred when it failed to grant appellants' motion for directed verdict.
 {¶ 35} A motion for directed verdict is to be granted when, construing the evidence most strongly in favor of the party opposing the motion, the trial court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to such party. Civ.R. 50(A)(4); Crawford v. Halkovics (1982),1 Ohio St.3d 184; The Limited Stores, Inc. v. Pan American WorldAirways, Inc. (1992), 65 Ohio St.3d 66.
 {¶ 36} A directed verdict is appropriate where the party opposing it has failed to adduce any evidence on the essential elements of this claim. Cooper v. Grace Baptist Church (1992),81 Ohio App.3d 728, 734. The issue to be determined involves a test of the legal sufficiency of the evidence to allow the case to proceed to the jury, and it constitutes a question of law, not one of fact. Hargrove v. Tanner (1990), 66 Ohio App.3d 693,695; Vosgerichian v. Mancini Shah Associates, et al. (Feb. 29, 1996), Cuyahoga App. Nos. 68931 and 68943. Accordingly, the courts are testing the legal sufficiency of the evidence rather than its weight or the credibility of the witnesses. Ruta v.Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68-69. Since a directed verdict presents a question of law, an appellate court conducts a de novo review of the lower court's judgment. Howellv. Dayton Power and Light Co. (1995), 102 Ohio App.3d 6, 13;Keeton v. Telemedia Co. of S. Ohio (1994), 98 Ohio App.3d 1405,1409.
 {¶ 37} Arguments in the second assignment of error mirror the arguments in the first assignment of error. Substantial evidence supporting the lower court's decision regarding its denial of appellants' motion for directed verdict was presented at the trial court. As previously stated, deposition testimony supporting the lower court's decision was introduced into the record. Pictures, exhibits and documents supporting the lower court's decision were reviewed. The evidence established each of the elements essential to appellees' claim. The party opposing the directed verdict presented substantial evidence supporting all essential elements of the appellees' claim.
 {¶ 38} Accordingly, we find that the lower court did not commit reversible error when it failed to grant appellants' motion for summary judgment.
 {¶ 39} Appellants' second assignment of error is overruled.
 VI. {¶ 40} Appellants argue in their third assignment of error that the award was inappropriate, duplicative and excessive. Appellants failed to claim that the jury award in the case at bar was inappropriate, duplicative, or excessive prior to this appeal. Generally, if a party has knowledge of an error with sufficient time to object before the judge takes any action, that party waives any objection to the claimed error by failing to raise that issue on the record before the action is taken.Tissue v. Tissue, Cuyahoga App. No. 83708, 2004-Ohio-5968;Belvedere Condominium Unit Owners Assn. v. R.E. Roark Cos.,Inc., 67 Ohio St.3d 274, 279, 1993-Ohio-119; Mark v. MellottMfg. Co., Inc. (1995), 106 Ohio App.3d 571, 589; Sagen v.Thrower (Apr. 8, 1999), Cuyahoga App. No. 73954. Therefore, a litigant who had the opportunity to raise a claim in the trial court, but failed to do so, waives the right to raise that claim on appeal. Id.
 {¶ 41} Assuming arguendo appellants had successfully raised the issue prior to appeal, it would still lack merit. The evidence presented demonstrated out-of-pocket expenses, maintenance costs, repair costs, attorney fees and a large diminution in the value of the home. The damages awarded are not excessive when compared to the actual amount of damages suffered by appellees.
 {¶ 42} Accordingly, appellants' third assignment of error is overruled.
 {¶ 43} Appellants argue in their fourth assignment of error that the jury's award was influenced by passion or prejudice. However, we do not agree.
 {¶ 44} A new trial may be granted where a jury awards damages under the influence of passion and prejudice. Cox v. OliverMachinery Co. (1987), 41 Ohio App.3d 28; Jones v. Meinking
(1987), 40 Ohio App.3d 45; Hancock v. Norfolk Western RailwayCo. (1987), 39 Ohio App.3d 77; Litchfield v. Morris (1985),25 Ohio App.3d 42.
 {¶ 45} In a personal injury suit a damage award should not be set aside, however, unless the award is so excessive that it appears to be the result of passion and prejudice, or unless the award is so manifestly against the weight of the evidence that it appears that the jury misconceived its duty. Toledo, Columbus Ohio River RR. Co. v. Miller (1923), 108 Ohio St. 388; Cox,
supra; Litchfield, supra.
 {¶ 46} The damages in the case at bar were not excessive or the result of passion or prejudice. Appellees spent more than a half a million dollars on the property; the amount the trial court awarded is more than justified considering the decrease in value to the property and the cost to correct the situation.
 {¶ 47} Accordingly, appellants' fourth assignment of error is overruled.
 VII. {¶ 48} We now address the cross appeal of appellees/cross-appellants and their five assignments of error. Appellees/cross-appellants argue in their first and second assignments of error that the court erred when it denied their claim for restitution and rescission and failed to conduct an evidentiary hearing.
 {¶ 49} R.C. 5302.30(K)(3)(d) states the following:
"(d) A rescission of a transfer agreement is not permissible under division (K)(2) of this section if a transferee of residential real property that is subject to this section receives a property disclosure form as prescribed under division (D) of this section or an amendment of that form as described in division (G) of this section prior to the transferee's submission to the transferor or the transferor's agent or subagent of a transfer offer and the transferee's entry into a transfer agreement with respect to the property."
 {¶ 50} In other words, where a buyer receives and reviews a residential property disclosure form prior to executing the purchase agreement, rescission is not an available remedy.Chamar v. Schivitz, Lake App. No. 2002-L-181, 2004-Ohio-1957.
 {¶ 51} In the case at bar, appellees testified under oath in open court that they received and reviewed the disclosure form prior to executing the purchase agreement. Moreover, appellees/cross-appellants had an adequate remedy at law. Rescission is an equitable remedy. As such, it will be denied when there is an adequate remedy at law in the form of monetary damages. Gagel v. Kingston-Greene Partners Ltd. (Feb. 8, 1993), Butler App. No. CA92-10-201. In this case, there was an adequate remedy at law for appellees/cross-appellants, the monetary damages awarded by the jury. The trial court's determination that those damages constitute a sufficient remedy is supported by the evidence.
 {¶ 52} Therefore, given the facts of this particular case and the parameters of R.C. 5302.30(K)(3)(d), rescission is not available in this circumstance.
 {¶ 53} Accordingly, appellees/cross-appellants' first and second assignments of error are overruled.
 {¶ 54} Appellees/cross-appellants argue in their third assignment of error that the court erred in refusing to allow the jury's request to include attorney fees as part of their award of compensatory damages. We find merit in appellees/cross-appellants' argument.
 {¶ 55} It is well established that a court exercising equitable jurisdiction may allow attorney fees and costs. SeeSantos v. Ohio Bureau of Workers' Compensation,101 Ohio St.3d 74, 2004-Ohio-28. In the case at bar, the jury asked only one question during deliberations. The question was, "If we answer `no' to punitive damages, can we add money to the compensatory damages to cover the attorney fees?"[1] The question demonstrates the jury's strong interest in awarding the plaintiffs attorney fees.
 {¶ 56} However, rather than instructing the jury that an award of compensatory damages is within the jury's province, the lower court responded in the negative. The trial court answered the jury's inquiry with, "No. Attorney fees are only to be considered by the jury with respect to punitive damages. Compensatory damages do not include attorney fees."[2]
 {¶ 57} The Ohio Supreme Court has recognized the long-standing principle of law that attorney fees are recoverable as compensatory damages in a tort action for fraud. Long ago, inRoberts v. Mason (1859), 10 Ohio St. 277, the Ohio Supreme Court held in its syllabus:
"1. In an action to recover damages for a tort which involvesthe ingredients of fraud, malice, or insult, a jury may go beyond the rule of mere compensation to the party aggrieved, and award exemplary or punitive damages; and this they may do, although the defendant may have been punished criminally for the same wrong. "2. In such a case, the jury may, in their estimateof compensatory damages, take into consideration and includereasonable fees of counsel employed by the plaintiff in theprosecution of his action." (Emphasis added.)
 {¶ 58} In Finney v. Smith (1877), 31 Ohio St. 529, 534-35, the Ohio Supreme Court succinctly held:
"In this state it must, therefore, be regarded as settled,that in actions of tort, involving malice, fraud, insult, or oppression, the jury may, in estimating compensatory damages,take into consideration the reasonable counsel fees of theplaintiff in prosecuting his action for the redress of hisinjuries, against the wrong-doer, even where there are mitigating circumstances not amounting to a justification."
(Emphasis added.)
 {¶ 59} Also, see, Sorin v. Bd. of Ed. of Warrensville Hts.School Dist. (1976), 46 Ohio St.2d 177, 181, wherein the Ohio Supreme Court recognized that the "rule enunciated in Roberts v.Mason, supra, has been consistently applied in Ohio * * *"; see, also, United Power Co. v. Matheny (1909), 81 Ohio St. 204, 211
(holding that ever since Roberts v. Mason, supra, "* * * in cases involving the elements of fraud, malice, or insult the jury may award exemplary or punitive damages in addition to damages merely compensatory; and that `in such a case' the jury may include reasonable counsel fees in their estimate of compensatory damages" (Emphasis added); and Stevenson v. Morris (1881),37 Ohio St. 10, 21 (holding that the "settled doctrine in this state is that counsel fees, in cases of this class [fraud], may be an item for compensation, which the jury may, in its discretion, allow." (Emphasis added.)
 {¶ 60} In Vinci v. Ceraolo (1992), 79 Ohio App.3d 640, 648, this court sustained the award of litigation costs in addition to attorney fees. In Vinci, this court stated, "If bad faith is found, attorney fees may be awarded." See Gates v. Toledo
(1897), 57 Ohio St. 105. When there is bad faith or malicious misconduct, "* * * the jury may, in their estimate ofcompensatory damages, take into consideration and includereasonable fees of counsel employed by the plaintiff in the prosecution of his action." Roberts v. Mason (1859),10 Ohio St. 277. (Emphasis added.)
 {¶ 61} In situations where the jury has the right to award attorney fees as part of the plaintiff's compensatory damages, the court's instructions must reflect that. The trial judge in the case at bar erred when she instructed the jury regarding damages.
 {¶ 62} Accordingly, appellees/cross-appellants' third assignment of error is sustained.
 {¶ 63} Appellees/cross-appellants argue in their fourth and fifth assignments of error that the trial court erred in its actions regarding preliminary injunction. We do not find merit in appellees' argument.
 {¶ 64} Courts have held that a preliminary injunction which acts to maintain the status quo pending a ruling on a permanent injunction is not a final appealable order under R.C. 2505.02. See Amalgamated Clothing Workers v. Richmond Bros. Co. (1955),348 U.S. 511, 75 S. Ct. 452.; State ex rel. Tollis v. Court ofAppeals for Cuyahoga County (1988), 40 Ohio St.3d 145; Modestyv. Michael H. Peterson Assoc., Cuyahoga App. No. 85653,2005-Ohio-6022.
 {¶ 65} The temporary remedy requested in the preliminary injunction in this case was the rescission of the sale of the home to appellees/cross-appellants. Appellees/cross-appellants requested the same relief as part of their final remedy. The denial of the preliminary injunction did not determine the final action with regard to rescission, because the remedy of rescission was addressed at the time of trial.
 {¶ 66} The denial of rescission as a temporary remedy did not prevent meaningful relief. The trial court's ultimate denial of that remedy as part of the final order could be appealed by appellee/cross-appellant and, in fact, was appealed. The preliminary injunction as utilized in the case at bar was not a final appealable order.
 {¶ 67} Appellees/cross-appellants' fourth and fifth assignments of error are overruled.
 {¶ 68} Accordingly, we remand solely to establish the appropriate amount of attorney fees to be paid to appellees/cross-appellants.
 {¶ 69} Judgment affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellees recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Kilbane, J., concur.
[1] Tr. 1100.
[2] Tr. 1100.