PERRY, APPELLEE, *v.* EASTGREEN REALTY COMPANY, APPELLANT.

[Cite as Perry v. Eastgreen Realty Co. (1977), 55 Ohio App. 2d 130.]

(No. 76AP-635—Decided January 6, 1977.)

*Messrs. Harris & Hewitt,* for appellee.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr. Vincent J. Lodico,* for appellant.

McCORMAC, J. Plaintiff commenced an action against defendant alleging that he was injured on September 7, 1973, at about 4:30 p. m., when he walked into a glass panel in defendant's building. Plaintiff alleged that his injuries occurred as a result of the negligent condition of the premises. Defendant answered admitting that the the accident occurred, but denying that it was negligent and further setting forth the affirmative defenses of contributory negligence and assumption of the risk. The case was tried to a jury who found the issues in favor of plaintiff and assessed damages in the sum of $45,000. Motions for a new trial and judgment notwithstanding the verdict were overruled and a judgment was entered according to the jury verdict.

Defendant has appealed, asserting that the trial court should have directed a verdict on the basis of contributory negligence as a matter of law.

Plaintiff, aged 44, a native of Iraq and an electromechanical engineering graduate, planned to move to Columbus where he had recently accepted employment as an assistant professor in electronics at the Ohio Institute of Technology. He, his wife and three-year-old son went to defendant's large apartment complex to look at apartments to rent. At about 3 p. m. on September 7, 1973, a bright sunny day, they entered the front door of the office to the apartment complex, approaching from the west with the sun at their backs. Plaintiff and his family went into an office in the building and spent about one and one half hours looking at apartments and discussing the possibility of renting an apartment. According to plaintiff and his wife, when they left the building to look at apartments they departed through a sliding glass door in the office of defendant's employee and did not use the front door of the building. At about 4:30 p. m. plaintiff proceeded to leave the building with his wife on the far left and three-year-old son in the middle. The wife and son were walking on a runner proceeding to the door and he was just to the right and perhaps a little forward. At that time he walked into the plate glass window in the front, striking his head on the glass and injuring himself. The extent of the injuries is not an issue in this appeal.

The evidence showed that the front glass of the building is tinted and the window which plaintiff struck is about eight feet high, extending from about four inches above the floor to the ceiling. The glass front is recessed several feet from two supporting walls. Not only was the front glass tinted, but the furniture in the front room was gold or yellow colored, as were the walls. The narrow metal separators between the glass panels were also brownish or goldish in color. According to plaintiff's testimony, the sun was coming from the west toward which he was walking and he could not see where the glass wall or door was, but that it appeared to be at the end of the walls, rather than recessed. The outside walls, due to the tinted glass, appeared to be an extension of the inside yellowish walls. Plaintiff said that the tinted glass and color of the furniture and walls inside the building created an illusion caus-

ing him to misjudge the location of the glass which he could not see. His testimony was that there were no marks on the glass, no draperies on the windows and no furniture in front of the glass. Plaintiff stated that he struck the glass at head level and left a hole about the size of his head. There was a conflict in the testimony as to whether there was a bench in front of the glass wall, but the unequivocal testimony of both plaintiff and his wife, rebutted by the testimony of two employees of defendant, was that there was no bench there at the time of the accident. The two employees both testified that the hole in the glass was about three feet above the floor, but there were no substantiating pictures or other such evidence.

There is no particular magic to the fact that we are dealing with the case of a plaintiff who has injured himself by walking through a plate glass window, a not uncommon occurrence as illustrated by the fact that the National Safety Council related in its 1967 Safety Newsletter that about 40,000 similar accidents occur each year.

Glass window or door accidents, allegedly caused by either the negligence of the owner of the premises or the contributory negligence of the plaintiff, or both, are to be judged according to the same principles applicable to negligence cases in general. Each case is to be considered factually on its own merits. The factual determinations are for the jury if, construing the evidence most favorably to plaintiff as required by Civ. R. 50(A)(4), reasonable minds can differ as to (1) whether defendant breached a duty owed to plaintiff proximately resulting in plaintiff's injury and (2) whether plaintiff failed to exercise reasonable care for his own safety.

The owner of premises owes the duty of ordinary and reasonable care for the safety of a business invitee, the conceded status of plaintiff. Thus, the owner is required to have his premises in a reasonably safe condition. The owner is not an insurer against all accidents and injuries to invitees who are on the premises. Moreover, plaintiff is required to produce proof tending to show that defendant has failed to take safeguards that a reasonable person would

take under the same or similar circumstances. *Englehardt* v. *Phillips* (1939), 136 Ohio St. 73.

The most common basis of the owner's negligence is his maintenance of a glass door, panel or wall so deceptive in appearance as to be a likely cause of accident. "Among the most important facts and circumstances tending to show such a deceptive appearance are the obstacle's location in a place where it would not normally be expected, lighting conditions which add to its deceptive appearance, the absence of signs or markings on it, and weather conditions, such as a warm, sunny day, which contribute to its deceptive appearance by suggesting open doors or spaces." Annotation 41 A. L. R. 3d 176, at 183, *Liability of Owner or Proprietor for Injury or Death Caused by Collision With Glass Door, Panel, or Wall.*

According to plaintiff's testimony in this case, not only did the sun combine with the tinted glass and yellowish gold interior of the premises to create a visual trap for plaintiff making it virtually impossible for him to ascertain where the glass was located, but also there were no markings upon the glass, or furniture in front of the glass or drapes to show the existence of the glass. Moreover, the metal dividers between the glass panels were of the same color, making them difficult to distinguish. This situation was created by defendant and provides sufficient proof of the fact that defendant failed to take reasonable care for the safety of invitees in regard to this condition. Thus, there was sufficient evidence of negligence on the part of defendant to submit to the jury.

A person is not always contributorily negligent as a matter of law because he walked into a plate glass window. If plaintiff had no special reason to comprehend the danger and was deceived by appearances which would have deceived an ordinarily prudent person, he is not contributorily negligent. Applying that test to this case, there is evidence to support the fact that plaintiff believed he would encounter the glass wall or door at the end of the supporting walls, which appeared outside as well as inside to be yellowish brown or golden because of the tinted glass and

the sun, thus being a condition that may well have deceived the most wary. According to plaintiff's testimony there were no distinctive markings to otherwise alert him of the true location of the glass and he was walking and looking as would the ordinarily prudent person. The fact that plaintiff had entered by the same doorway having the opportunity to see the recessed glass wall about one and one half hours before the accident is not determinative, but only a factor which the trier of the fact can consider. Plaintiff entered the building with the sun at his back and in leaving was exposed to the deceptive condition for the first time as the glass wall was clearly visible when he entered. Thus his entry was not sufficient to charge him with remembering the recessed glass wall condition under the changed circumstances since, on the only other occasion, the wall was where it seemed to be. See *Scott* v. *Liebman* (Tex. 1966), 404 S. W. 2d 288.

As further support of this proposition, the Ohio Supreme Court has recently held that the "step in the dark rule" of contributory negligence merely raises an inference of the lack of prudence and ordinary care on the part of the plaintiff and is to be considered together with other evidence as to the nature of the step taken which may tend to disprove a voluntary deliberate step into the unknown darkness. See *Posin* v. *A. B. C. Motor Court Hotel* (1976), 45 Ohio St. 2d 271. In this case there is evidence to indicate that plaintiff had no reason to believe that he was proceeding into a dangerous situation. Thus whether he acted reasonably was for the jury.

A review of the transcript indicates that not only was there sufficient evidence to submit to the jury on the issues of negligence and contributory negligence, but also that the jury's findings were not against the weight of the evidence. There was no evidence of assumption of the risk nor was there any request to charge the jury as to this issue.

Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and WHITESIDE, J., concur.