CARDINAL, APPELLANT, *v.*
FAMILY FOOT CARE CENTERS, INC.
ET AL., APPELLEES.

(No. 52371—Decided
June 29, 1987.)

*Russo & Moroney* and *Thomas M. Moroney,* for appellant.
*Reminger & Reminger Co., L.P.A.,* and *Douglas K. Fifner,* for appellees.

CORRIGAN, J. Appellant, Michelle Cardinal, and Rocco Cardinal, her husband, brought suit against Family Foot Care Centers, Inc. (the "Center"), and Drs. Craig Cohen, Gregory Teles, David Tarr, Michael Warshaw, and Rustom Khouri, the owner of the Center where he and the others treated appellant. The complaint alleged that Khouri and the other podiatrists, his agents, negligently performed surgery on appellant's feet a number of times. Appellant was allowed to amend the pleadings to conform to the evidence and allege that the appellees committed the tort of lack of informed consent. The action against Dr. Tarr was settled and dismissed with prejudice, and the trial court dismissed Rocco Cardinal's claim. The jury found for appellees. Appellant's motion for judgment notwithstanding the verdict was denied. Appellant timely and properly appealed and raised three assignments of error.

I

"The jury's verdict regarding the defendants' failure to obtain Michelle Cardinal's informed consent for surgeries performed was manifestly against the weight of the evidence."

This assignment of error is without merit.

To establish lack of informed consent appellant had to show: (a) appellee(s) failed "to disclose to * * * [appellant] and discuss the material risks and dangers inherently and potentially involved * * *; * * * (b) the unrevealed risks and dangers * * * actually materialize and are the proximate cause of the injury to * * * [appellant]; and * * * (c) a reasonable person in the position of * * * [appellant] would have decided against the therapy" had there been disclosure. *Nickell* v. *Gonzalez* (1985), 17 Ohio St. 3d 136, 139, 17 OBR 281, 283, 477 N.E. 2d 1145, 1148.

Dr. Khouri performed one procedure himself. There was no evidence that there was a lack of informed consent on that occasion or that unrevealed risks or dangers materialized after this operation and proximately caused injuries to appellant.

With regard to the operations performed by Teles, Warshaw and Cohen, appellant testified that she was always given a consent form that had a blank space where the procedure was to be specified and that the consent form was blank when she signed it and filled in after the surgery. She did read the typed language which included a caveat that all blanks should be filled in or lined out. Dr. Cohen testified that he had never seen a blank consent form given to a patient. Cohen testified that he explained the inherent risks of the operation he performed on appellant.

Appellant testified to nine operations by Warshaw and Teles. Appellant's expert testified that the procedures listed on the consent forms for four of the operations are different from those listed on the progress notes. However, appellant testified that the procedures listed on the consent forms are the procedures that were performed. Appellant testified that they all explained the procedures in layman's terms.

Although appellant testified that she was not told that cutting tendons would move metatarsals, she also testified that the reasons for the procedures were explained orally. Informed consent can be given orally. Appellant never testified that had she known the metatarsals might move she would have chosen to forego the operations. Four of the operations were on the right foot and appellant testified that she had no complaints about her right foot. Her complaint was only about the second and third toes of the left foot. Her expert testified that the operations by Cohen on the left foot proximately caused the injury complained of, but Cohen stated that he did fully inform the appellant. In addition there was testimony to show appellant did not comply with the post-operative requirements and may have contributed to her later problems.

The judgment below was sup-ported by some competent credible evidence going to all the essential elements of the case and will not be reversed as being against the manifest weight of the evidence. See *C. E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578.

Assignment of Error No. I is overruled.

## II

"The trial court erred prejudicially when it excluded from plaintiff's case as to liability testimony offered to demonstrate the defendants' habit or business practice with respect to the conduct in issue."

This assignment of error is without merit.

Appellant unsuccessfully attempted to introduce the testimony of several former patients who would have testified that they were cajoled into unnecessary surgery by the appellees. Appellant contended that the testimony was admissible as evidence of habit or the routine practice of an organization. Evid. R. 406. The rationale for the admission of such evidence is that habitual acts may become semi-automatic and may tend to prove one acted in the particular case in the same manner. *Carter* v. *Simpson* (1984), 16 Ohio App. 3d 420, 423-424, 16 OBR 490, 494-495, 476 N.E. 2d 705, 709. However, the evidence must rise to the level of a habit or the use of Evid. R. 406 would defeat the purpose of Evid. R. 404(B) which prohibits the admission of evidence of other acts to show that someone acted in conformity with those acts on the occasion in the instant case. *Id.* Thus, evidence that excessive force had been used by a police officer on prior occasions was not admissible, *id.*, and evidence that a defendant had not discussed fees with other clients was excluded, *Cannell* v. *Rhodes* (1986), 31 Ohio App. 3d 183,

184-185, 31 OBR 349, 351, 509 N.E. 2d 963, 966, *citing Carter.*

The testimony in the instant case did not rise to the level of habit. There was no abuse of discretion.

Assignment of Error No. II is overruled.

### III

"The trial court erred in denying plaintiff's motion for judgment notwithstanding the verdict with respect to plaintiff's lack of informed consent."

This assignment of error is without merit.

The same test is used for a motion for judgment notwithstanding the verdict and a motion for a directed verdict. *Nickell* v. *Gonzalez, supra,* 17 Ohio St. 3d at 137, 17 OBR at 282, 477 N.E. 2d at 1147. The trial judge must construe the evidence most strongly in favor of the non-movant and if upon all the evidence there is substantial evidence to support the non-movant's position upon which reasonable minds may reach different conclusions, the motion must be denied. *Id.* The trial judge does not determine the weight of the evidence or the credibility of the witnesses, *id.,* and although he examines the materiality of the evidence, he does not look at the conclusions to be drawn, *Ruta* v. *Breckenridge-Remy Co.* (1982), 69 Ohio St. 2d 66, 69, 23 O.O. 3d 115, 117, 430 N.E.2d 935, 938.

There was substantial evidence to support appellees' position upon which reasonable minds could reach different conclusions. The motion was properly denied.

Assignment of Error No. III is overruled.

The decision of the trial court is affirmed.

*Judgment affirmed.*

MARKUS, C.J., and KRUPANSKY, J., concur.