BLAIR, APPELLANT, *v.* PROPERTY MANAGEMENT CONSULTANTS ET AL., APPELLEES; VINER ET AL.

(No. C-860763 — Decided December 9, 1987.)

*Beckman, Weil, Shepardson & Faller, Joseph H. Feldhaus, Kircher & Phalen* and *Robert B. Newman,* for appellant.

*Lindhorst & Dreidame* and *James M. Moore,* for appellees.

HILDEBRANDT, J. Plaintiff-appellant Felita Blair appeals from the trial court's granting of a directed verdict in favor of defendants-appellees[1] at the close of plaintiff's case.

---

[1] The instant appellees are Property Management Consultants, John Doe I through John Doe X, Lawrence Osky,

The record reveals that in June 1985, appellant was looking for an apartment. Appellant's aunt informed her that there was a vacant apartment at 117 Malvern Place in Cincinnati, the building in which appellant's aunt resided. Appellant was shown a third-floor apartment in the building by the caretaker, Chuck Reeves.[2]

The apartment building, which is located in Mt. Auburn, was owned by defendants Stanley S. and Shirley Viner. The Viners sold the building to appellees Thomas G. and Margaret Luebbe pursuant to a land contract. Since 1979, the Luebbes have engaged Lawrence Osky, doing business as Property Management Consultants, to manage the apartment building.

After several visits to the apartment, in July 1985 appellant gave Reeves $50 as a deposit on the third-floor apartment. Appellant was advised by Reeves that she could take occupancy of the third-floor apartment in two weeks. When appellant returned to the apartment in August 1985, she learned that Reeves had been replaced as caretaker by Virgil Broach.[3] Broach advised her he was occupying the third-floor apartment, but that a basement apartment was available. Appellant inspected the basement apartment with Broach. She noticed that the windows in the apartment, which were three feet above ground level, did not have locks. Appellant testified at trial that when she requested that the windows be secured with locks, Broach agreed to do so. With that assurance, appellant agreed to rent the basement apartment on a month-to-month basis.

Prior to September 1, 1985, appellant paid an additional $200 deposit as well as her first month's rent of $250.

Appellant took occupancy of the basement apartment on September 1, 1985. At that time, she discovered that locks had not been placed on the windows. Instead, Broach had secured the windows with sticks. Appellant testified that Broach told her he would put locks on the windows, but he did not tell her how soon that would be accomplished. Appellant further testified that Broach assured her that the windows would be safe. Lawrence Osky testified at trial that he was authorized to make repairs in the amount of $250 to the apartment building without seeking permission from the Luebbes.

Appellant stated at trial that she kept the windows closed and secured with the sticks. However, during the early morning hours of September 10, 1985, a male intruder entered the apartment as appellant and her children were sleeping, and raped appellant. The man wore a stocking mask and was armed with a metal object. After the incident, appellant took her children to her aunt's apartment. As she was leaving, appellant determined that the door to her apartment had been locked from the inside.

On December 17, 1985, appellant filed an amended complaint in which she alleged, *inter alia,* that the failure to secure the windows in her apartment with locks constituted a breach of contract on the part of appellees. Appellant further alleged that the breach caused her to suffer physical and emo-

Thomas G. Luebbe and Margaret Luebbe. Defendants Stanley S. Viner and Shirley Viner were previously dismissed without prejudice by stipulation pursuant to Civ. R. 41.

[2] The record also identifies Reeves by the name Chuck Reed. He was replaced as caretaker in August 1985 by Virgil Broach.

[3] Broach was hired by appellee Osky who considered him to be an employee of the Luebbes.

tional injuries for which she had incurred damages.[4]

Following the presentation of appellant's case, the trial judge granted appellees' Civ. R. 50 motion for a directed verdict. In compliance with Civ. R. 50(E), the trial judge dictated the basis for his decision into the record. We conclude that the trial court correctly determined that appellees were not liable to the appellant on a negligence theory or due to a failure to provide adequate security, on the authority of *Thomas* v. *Hart Realty, Inc.* (1984), 17 Ohio App. 3d 83, 85, 17 OBR 145, 146, 477 N.E. 2d 668, 670, in which this court observed:

"We find no common-law duty imposed by Ohio case law on landlords to afford reasonable protection against entry into the separately rented apartments in a multiple occupancy building, even in the face of foreseeable entries in a 'high crime area.' We do not believe defendant had a common-law duty apart from his contractual obligations to install a proper security screen in the first instance, or in the second instance, to replace the screen he had removed."

The trial court also found that the appellant could not maintain a claim for denial of quiet enjoyment against appellees. The court further determined that appellees' failure to equip the windows with locks did not constitute a violation of the building codes or the landlord-tenant statutes. Finally, the trial court held that appellant's contract claims failed because: (1) there was no evidence of an increase in the amount of rent appellant would be required to pay for the apartment if the locks were installed; (2) there was no specific date by which Broach was to have installed the locks; and (3) appellant commenced the tenancy with the knowledge that the windows were without locks.

These rulings have been raised as issues for review within appellant's sole assignment of error, which alleges that the court below erred in granting appellees' motion for a directed verdict at the close of appellant's case. For the reasons that follow, appellant's assignment of error is sustained.

Civ. R. 50(A)(4) provides:

"When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, *after construing the evidence most strongly in favor of the party against whom the motion is directed,* finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue." (Emphasis added.)

The third paragraph of the syllabus of *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82, 52 O.O. 2d 376, 262 N.E. 2d 685, states in pertinent part:

"There is a basic difference between the duty of a trial court to submit a case to the jury where 'reasonable minds' could differ and the right of a trial court to grant a new trial on the basis of its conclusion that the verdict is not 'sustained by sufficient evidence.' The former does not involve any *weighing* of evidence by the court; nor is the court concerned therein with

---

[4] Appellant further alleged in her amended complaint: (1) that the appellees' failure to provide locks was negligent and a breach of a duty of care owed to appellant; (2) a violation of the covenant of quiet enjoyment; (3) a violation of R.C. 5321.04 as it pertains to habitability and safe working order of appliances; and (4) a violation of Cincinnati Building Code Section 1127-23.1 which requires residential premises to be free of unsafe conditions.

the question of credibility of witnesses. * * *" (Emphasis *sic.*)

Following a complete review of the record, we conclude that reasonable minds could differ as to whether a contract to secure the windows with locks existed between appellant and appellees. Construing the evidence most strongly in favor of appellant, we are of the opinion that she presented sufficient evidence to entitle her to have a jury determine whether such a contract existed. Additionally, we determine that the appellant presented sufficient evidence upon which reasonable minds could differ as to whether that contract was breached by any or all of the appellees and whether such breach was the proximate cause of the injuries appellant alleges she suffered.

Accordingly, we reverse the judgment of the trial court and remand this matter to the court of common pleas for further proceedings consistent with law and this opinion.

*Judgment reversed and cause remanded.*

KLUSMEIER, P.J., concurs.

SHANNON, J., not participating.