HUGHES ET AL., APPELLANTS, *v.*
SCHULTY, APPELLEE.

(No. L-87-094 — Decided
February 19, 1988.)

*Martin Williams,* for appellants.
*Alan B. Dills,* for appellee.

*Per Curiam.* This case is on appeal from the judgment of the Lucas County Court of Common Pleas dated February 12, 1987, from which a subsequent motion for new trial in lieu of additur was refused on March 23, 1987.

In 1983, appellant, J. Reid Hughes, was injured in an automobile accident. Appellants, Mr. Hughes and his wife, Mary H. Hughes, filed suit against appellee, James R. Schulty, Jr., seeking, in count one, compensation for Mr. Hughes' injuries and, in count two, compensation for Mrs. Hughes' loss of consortium and services due to her husband's injuries. Count one was settled for $50,000, the insurance policy limit, with the express reservation of the right of appellants to litigate Mrs. Hughes' consortium claim. Count two then proceeded to trial. At a pretrial conference, the court denied appellants' request to present evidence of Mr. Hughes' lost future earnings and benefits. After trial by jury, Mrs. Hughes was awarded $5,000.

On appeal, appellants assert a single assignment of error:

"The trial court erred in not allowing testimony and arguments to the jury that loss of future earnings and retirement benefits of an injured husband, not already compensated for, should be included in determining damages for loss of services to the wife."

Appellants sought to have the trial court permit the introduction of evidence relating to the husband's loss of earning capacity and retirement benefits to argue that such loss has also directly harmed the wife and, therefore, she ought to be compensated through her loss of services and consortium claim. The trial court specifically instructed the jury not to consider such items in its determination of the amount the wife should recover for her loss of consortium.

It is now universally accepted that a wife has a cause of action for the direct loss of services and/or consortium of her husband as a result of a negligent or intentional injury to the husband. *Clouston* v. *Remlinger Oldsmobile Cadillac, Inc.* (1970), 22 Ohio St. 2d 65, 51 O.O. 2d 96, 258 N.E. 2d 230. The issue raised by this case is what types of losses are encompassed within the concept of services or consortium.

"Consortium" has been defined as including "society, services, sexual relations and conjugal affection which includes companionship, comfort, love

and solace." *Id.* at 66, 51 O.O. 2d at 97, 258 N.E. 2d at 231. In a broader sense, consortium represents certain tangible and intangible benefits which arise out of the marital relationship itself. "Services" has traditionally referred to duties related to the home. *Id.* See, also, *Henson* v. *Andre* (Dec. 21, 1982), Franklin App. No. 82AP-84, unreported. The meaning of "services" has been expanded to include recovery for loss of the value of the spouse's service in a family-owned business so long as the spouse did not seek to recover for the loss as well. See *Hess* v. *Clutz* (1917), 8 Ohio App. 57, 29 Ohio C.D. 497, 28 Ohio C.C. (N.S.) 81, and *Henson* v. *Andre, supra.*

Today, appellant seeks to have this court broaden the meaning of services or consortium further to include diminution of the husband's future earning power which affects the wife's lifestyle and the wife's share of potential retirement benefits. This is a step we are not willing to take.

The husband is entitled to recover in full for any loss of future earnings or benefits which also indirectly compensates for the parallel loss the wife suffers. To allow the wife to recover as well would result in double recovery. This is true even in this case where appellants settled the husband's claim. The husband was entitled to compensation for the full value of his loss and the fact that he might not have been made whole by the settlement is beyond our power to remedy.

On consideration whereof, this court finds appellants' assignment of error not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App. R. 24, this court orders appellants to pay the court costs of this appeal.

*Judgment affirmed.*

RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.