OPINION
The plaintiff, Charlotte Taylor, commenced this negligence action in the Court of Common Pleas of Miami County claiming damages for personal injuries sustained in a motor vehicle collision which occurred on November 7, 1994 in Troy, Ohio. The cause was presented to a jury which rendered a verdict for Ms. Taylor in the amount of $2,600.00, and judgment was rendered accordingly on January 25, 2000. On January 31, 2000, the plaintiff filed a motion for a new trial stating, among other things, that the jury award was against the manifest weight of the evidence. The motion for a new trial was overruled by the trial court, and from the order thereupon entered in the Common Pleas Court, Ms. Taylor has perfected an appeal to this court.
In this court, the appellant has set forth two assignments of error, both of which raise the same issue, and each of which has been presented as follows:
 THE TRIAL COURT ERRED BECAUSE THE JURY AWARD IS NOT SUSTAINED BY THE MANIFEST WEIGHT OF THE EVIDENCE, BEING INADEQUATE TO COMPENSATE PLAINTIFF FOR HER INJURIES.
 THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR NEW TRIAL INASMUCH AS THE JURY AWARD IS NOT SUSTAINED BY THE MANIFEST WEIGHT OF THE EVIDENCE, BEING INADEQUATE TO COMPENSATE PLAINTIFF FOR HER INJURIES.
 At the trial, the defendant, Anthony Board, admitted liability for the rear-end collision, and the proceedings turned entirely, therefore, upon the determination of damages. However, no special interrogatories were requested by either party to the action, and the record does not otherwise reflect that the jury verdict was attended by any passion or prejudice. Hence, any speculative notion that this court, or the parties to the action, might have concerning the amount of the general verdict, must give way to the fundamental right of the jury to believe or disbelieve any of the testimony presented at the trial of the matter. In other words, the determination of the weight of the evidence and the credibility of witnesses was a function of the trier of the facts. State v. DeHass (1967), 10 Ohio St.2d 230; State v. Dunlap (1995), 73 Ohio St.3d 308.
In this regard, a perusal of the evidence discloses that the inconsistencies between the plaintiff's testimony and the defendant's exhibits may have overshadowed her entire case. Furthermore, the record discloses that the defendant seriously challenged the necessity, reasonableness, and duration of the medical expenses, and it is fundamental, of course, that the opinion of a reviewing court has no force against conflicting evidence and inferences. Moreover, the plaintiff's evidence as to lost earnings might well be described as sketchy and uncertain.
In overruling the motion for a new trial and sustaining the verdict, the trial court commented as follows:
 The court observes that the jury concluded that the plaintiff was not injured to the extent she claimed and awarded damages accordingly. The defendant offered expert testimony to support the defense position. There was present in the trial other evidence which would permit the jury to reach the conclusion. The plaintiff's expert witness who was her treating physician testified that in his opinion during his last examination of her prior to trial the plaintiff was exaggerating her injuries. Ohio law requires the court to presume the jury's findings were correct. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77; Myers v. Garson (1993), 66 Ohio St.3d 610.
 The jury's determination does not appear to be the result of passion or prejudice. There is room for honest, yet reasonable disagreement on the issues of credibility of witnesses without either view being manifestly wrong. The court cannot conclude in this case that the jury's determination of credibility was manifestly wrong.
 Additionally, the court does not find that there was jury misconduct present in the case. The court finds that the judgment is sustained by sufficient evidence and is not contrary to law.
 These reflections of the Common Pleas Court are fairly responsive to what the record shows, and this reviewing court cannot intervene in the absence of a clear showing of an abuse of discretion. Pena v. Northeast Ohio Emergency Affiliates, Inc. (1995), 108 Ohio App.3d 96; Verbon v. Pennese (1982), 7 Ohio App.3d 182. To be sure, nothing appears from the record to suggest that the attitude of the trial court in overruling the motion for a new trial was unreasonable, arbitrary or unconscionable. See Monroe v. Ohio Dept. of Rehab. Corr. (1990), 66 Ohio App.3d 236. See, also, Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Accordingly, the alleged assignments of error must be overruled, and the judgment of the Common Pleas Court will be affirmed.
BROGAN, J., and FAIN, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).